# LEVINE LEE LLP

### NEW YORK

570 Lexington Avenue, 16th Floor
New York, New York 10022
212 223 4400 main
212 223 4425 fax
www.levinelee.com

**Seth L. Levine**
slevine@levinelee.com

August 22, 2011

The Honorable Frederic Block
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Alburquerque et al. v. Healthfirst, Inc.*, 11-CV-2634 (FB)

Dear Judge Block:

On behalf of the defendant Healthfirst, Inc., we submit this letter pursuant to your Honor's individual rules to respectfully request a pre-motion conference to seek leave to file a motion to dismiss pursuant to Fed.R.Civ.P. 12(b). The Complaint at bar, which purports to assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and New York Labor Law Article 19, § 650 et seq. ("NYLL") for failure pay overtime wages to Medicare marketing representatives, suffers from several fatal defects and should be dismissed.

The Complaint is filed on behalf of a class of Plaintiffs, all of whom worked in various locations throughout the New York metropolitan area, selling medical plans to Medicare eligible individuals. Although seeking recompense for allegedly unpaid overtime hours, Plaintiffs were highly-compensated employees, receiving a base salary plus a commission for each person they enrolled, often earning more than a hundred thousand dollars per year.

The Complaint should be dismissed for several reasons. First, the Complaint not only fails to plausibly plead facts to demonstrate Plaintiffs' entitlement to overtime pay, it establishes that Plaintiffs are outside salespersons exempt from the FLSA's and NYLL's overtime requirements. Second, as this Court reaffirmed in March, overtime wage claims must include allegations approximating the number of unpaid overtime hours worked. Yet here, the Complaint fails to include the requisite allegations. Third, the Complaint should be dismissed because the entity sued, Healthfirst, Inc., did not employ Plaintiffs and is therefore not the proper party to this action. Finally, one of the named Plaintiffs (as well as other putative class members) has released his NYLL claims relating to his employment in exchange for additional compensation upon termination and, as such, cannot proceed with that cause of action.

I.  **PLAINTIFFS FAIL TO PROPERLY PLEAD AN OVERTIME WAGE CLAIM**

A complaint will not survive a motion to dismiss unless it "allege[s] a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). With respect to overtime wage claims, a plaintiff "'must show that: (1) he[/she] was an employee who was eligible for overtime ([*i.e.,*] not exempt from the Act's overtime pay requirements); and (2) that he[/she] actually worked overtime hours for which he was not compensated.'" *DeSilva v.North Shore–Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 507 (E.D.N.Y. 2011) (quoting *Hosking v. New World Mortg., Inc.*, 602 F.Supp.2d 441, 447 (E.D.N.Y.2009)). Plaintiffs fail to meet this two-part pleading standard where the Complaint (1) demonstrates that Plaintiffs are outside salespersons that are exempt from the FLSA's overtime pay requirements; and (2) fails to allege the requisite amount of overtime worked.

### (1) The Complaint Demonstrates that Plaintiffs are Outside Salespersons that are Exempt from the Overtime Pay Requirements

Employees whose primary duty consists of "making sales" or "obtaining orders or contracts for services . . . for which a consideration will be paid by the client or customer," and "who [are]customarily and regularly engaged away from the employer's place [ ] of business," are exempt from the overtime pay requirements. *See* 29 U.S.C. § 213(a)(1); 29 C.F.R. §§ 541.500(a). Such outside sales employees are also exempt under New York law. *See* 12 N.Y.C.R.R. § 142-2.14(c)(5). As individuals who market and sell Medicare products for a plan sponsor, Plaintiffs are "sales person[s]" and "insurance agents" who sell insurance under federal and state regulations. CMS Medicare Marketing Guidelines §§ 20, 120.1; *see also* 42 C.F.R. § 422.2272(c); N.Y. Insurance Law §§ 2101(k), 2102(a)(1).

While the Complaint is bare-bones, Plaintiffs acknowledge that their primary duty "was/is to promote Medicare managed care plans to Medicare-eligible New Yorkers and to <u>enroll</u> new members in Medicare. The <u>main objective</u> of the marketing representative position was/is to <u>obtain new members</u> for Healthfirst." (*See* Cmpl. ¶¶ 26, 30, 34 (emphasis added).) Further, the Complaint alleges that Healthfirst imposed "production quotas," plainly referring to enrollments, on Plaintiffs. (Cmpl. ¶ 5.) Additionally, the Complaint alleges that Plaintiffs were "deployed" to various locations outside of the employer's place of business to make these enrollments, such as "hospitals, clinics, physician's offices, and government agency offices." (Cmpl. ¶ 4.) These allegations do not suggest a plausible entitlement to overtime, but rather that Plaintiffs were outside salespersons whose primary duty was to obtain contracts for services for which they received a commission.

Recent decisions support this conclusion, including (a) the Second Circuit's decision in *In re Novartis Wage and Hour Litig.*, 611 F.3d 141, 151-55 (2d Cir. 2010), wherein the court recognized that "[e]mployees have a primary duty of making sales if they 'obtain a commitment

to buy' from the customer and are credited with the sale." *Id.* at 153[1] (quoting *Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees,* 69 Fed.Reg. 22122, 22124 (Apr. 23, 2004)); and (b) *Lane v. Humana Marketpoint, Inc.*, 2011 WL 2181736, at *5-9 (D. Idaho June 3, 2011), which directly held that employees who enrolled individuals in their employer's Medicare plan, just like Plaintiffs here, were exempt from the FLSA's overtime requirements under the outside sales exemption.

### (2) The Complaint Fails to Allege the Amount of Overtime Worked

A complaint must allege the approximate number of hours worked for which wages were not received. The mere allegation that a plaintiff "regularly worked hours in excess of forty hours per week" is insufficient to state an FLSA claim. *See DeSilva*, 770 F. Supp. at 509-10 (dismissing FLSA claim and collecting cases). Remarkably, despite the clear and recent guidance from this Court and others in the Circuit, Plaintiffs rely on the very language that has been deemed to be insufficient. The Complaint alleges only that Plaintiffs "regularly worked in excess of 40 hours a week." (*See* Cmpl. ¶¶ 27, 31, 35, 56.) Given this pleading failure, the Complaint should be dismissed.

### II.  PLAINTIFFS HAVE BROUGHT THIS ACTION AGAINST THE WRONG PARTY

The entity Healthfirst, Inc. has not and did not employ the Plaintiffs. Given that Plaintiffs sued the wrong entity, their Complaint should be dismissed.

### III.  PLAINTIFF WINSTON PENA RELEASED HIS NYLL CLAIMS

Your Honor has recently held that NYLL claims can be released. *Amaya v. Garden City Irrigation, Inc.*, 2011 U.S. Dist. LEXIS 15316, at *4 -*5 (E.D.N.Y. Feb. 15, 2011) (Block, J.) (unlike the FLSA, there is no restriction on releasing New York State wage and hour claims). Here, one of the putative class representatives (Winston Pena)—and a number of other potential class members—has released his NYLL claims. At a minimum, this NYLL claim should be dismissed.

Respectfully submitted,

Seth L. Levine

cc:   FRANK & ASSOCIATES, P.C.
      Peter A. Romero (via ECF and Federal Express)
      *Counsel to Plaintiffs*

---

[1]   In *Novartis*, the court found that pharmaceutical marketing representatives did not qualify for the outside sales exemption because they marketed only to physicians who could not directly purchase, or commit to purchase, anything from the representatives. *Id.* at 154. In contrast, Plaintiffs here actually enrolled individuals in Medicare programs and received commissions for each enrollment. Thus, they plainly meet the standard set forth by the Circuit.