**LEVINE LEE LLP**

**NEW YORK**

570 Lexington Avenue, 16th Floor
New York, New York 10022
212 223 4400 main
212 223 4425 fax
www.levinelee.com

**Seth L. Levine**
slevine@levinelee.com

October 31, 2011

**BY ECF**
The Honorable Frederic Block
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Alburquerque et al. v. Healthfirst, Inc.*, 11-CV-2634 (FB)

Dear Judge Block:

    We respectfully submit this letter on behalf of the defendant Healthfirst, Inc. in opposition to Plaintiffs' request that the Court issue an Order that discovery in this case commence immediately.

    Plaintiffs' motion should be denied because it suffers from several substantive and procedural defects.  As an initial matter, contrary to Plaintiffs' assertion that Defendant's motion to dismiss is "entirely frivolous," Plaintiffs previously acknowledged that their Complaint is deficient and have requested leave to amend.  (Letter from Peter A. Romero to Court dated 8/29/11 (Docket Item 19)).  Plaintiffs should not be permitted to commence discovery before the Court has ruled on Defendant's requested motion to dismiss, especially where they have conceded that they have not filed a properly pled Complaint.  Moreover, Plaintiffs' motion represents a departure from the procedure that they previously indicated should be followed in this matter.  Plaintiffs previously agreed that the initial conference with Magistrate Judge Cheryl L. Pollak should be held after the pre-motion conference on Defendant's motion to dismiss.  In fact, the parties jointly requested on two occasions to adjourn the initial conference specifically because the pending applications before the Court may either resolve this matter or change the nature of this action.  (*See* Letters from Seth L. Levine to Magistrate Judge Pollak dated 9/1/11 and 10/4/11 (Docket Items 20 and 25)).  Plaintiffs now have reversed course, without explanation or acknowledgement of their prior position.  In addition, Plaintiffs' motion should be denied because it fails to comply with the Federal Rules of Civil Procedure and this Court's Local Rules.  We therefore respectfully request that the Court summarily deny Plaintiffs'

motion or that the Court address the issues raised therein at the scheduled pre-motion conference.

I. **Background**

On August 22, 2011, Defendant filed a letter with the Court requesting a pre-motion conference seeking leave to file a motion to dismiss the Complaint. In response, Plaintiffs conceded that the Complaint is deficient and requested leave to amend. Plaintiffs agreed that the Complaint suffered from multiple deficiencies in a letter to the Court, stating

> To the extent that the Complaint fails to allege the approximate number of unpaid overtime hours allegedly worked by each named Plaintiff, or fails to identify the correct entity that employed the Plaintiffs, Plaintiffs respectfully request permission to amend their pleading to correct these deficiencies.

(Letter from Peter A. Romero to Court dated 8/29/11 (Docket Item 19)). Thereafter, Plaintiffs and Defendant each requested an adjournment of prior conference dates on consent of the other party, and most recently, due to a conflict in the Court's calendar, the pre-motion conference was moved from November 9, 2011 to December 9, 2011. In their motion, Plaintiffs have requested a second adjournment from the Court as to the December 9 date.

Discovery in this matter was referred to Magistrate Judge Pollak. In recognition of the fact that Plaintiffs conceded, at minimum, that their Complaint was deficient in certain respects, the parties jointly requested on two occasions that prior scheduling conferences in front of Magistrate Pollak be adjourned until after the pre-motion conference. Magistrate Pollak granted both requests. Currently, the conference with Magistrate Pollak is scheduled for November 30, 2011, a date which was set based on the prior November 9, 2011 pre-motion conference date.

II. **Argument**

Plaintiffs' discovery motion should be rejected for several reasons. *First*, as noted above, Plaintiffs have conceded that they have filed a defective pleading. In a prior letter to the Court, Plaintiffs admitted that the Complaint was deficient in that it failed to allege the approximate number of overtime hours worked, as required by this Court, *see DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 509-10 (E.D.N.Y. 2011), and named the wrong party as the defendant. This concession standing alone warrants denial of the present motion.

*Second*, Plaintiffs' discovery motion further highlights the strength of Defendant's motion to dismiss on the ground that Plaintiffs are outside salespersons exempt from the Fair Labor Standards Act's and New York Labor Law's overtime requirements. Plaintiffs do not appear to contest that their primary duty was making sales, and they concede that they regularly operated outside of their employer's offices at hospitals, clinics and government

agency offices.  These concessions establish as a matter of law that Plaintiffs were "customarily and regularly engaged away from the employer's place or places of business" because an employer's place of business only includes fixed sites "*used by a salesperson as a headquarters.*"  29 C.F.R. § 541.502 (emphasis added); *see, e.g., Lane v. Humana Marketpoint, Inc.*, 2011 WL 2181736, at *9 (D. Idaho Jun. 3, 2011) (finding Medicare sales representatives who worked at Walmart and other public locations to be exempt because those locations were not "used by Plaintiffs as headquarters").  Accordingly, discovery should not commence until after Defendant's motion to dismiss is resolved.

*Third*, Plaintiffs' motion is premature because the Court has not held its pre-motion conference.  Indeed, the parties jointly agreed on several occasions to adjourn the initial conference in front of Magistrate Judge Pollak until after the pre-motion conference to permit this Court to provide guidance on the pending applications.  Given that these applications may either resolve this matter or change the nature of this action, it would be inappropriate to impose the costs of discovery on Defendant prior to resolution of these applications.

*Finally*, Plaintiffs have failed to comply with the Federal Rules of Civil Procedure and this Court's Local Rules.  Pursuant to Federal Rule of Civil Procedure 26(d), discovery does not commence until after the parties have conferred as required by Rule 26(f), and typically after the Court has held its initial scheduling conference.  Here, it is undisputed that neither event has occurred.  In addition, Federal Rule of Civil Procedure 37(a)(1) and corresponding Local Rule 37.3(a) require that Plaintiffs attempt to confer in good faith with Defendant prior to seeking judicial resolution and must include a certification to that effect with their motion.  As Plaintiffs gave no notice to Defendant of their intention to file the present motion and have not included the certification required by Rule 37(a)(1), Plaintiffs' motion should be denied as procedurally defective.  Therefore, Plaintiffs' attempt to "commence" discovery is premature and procedurally inappropriate.[1]

For the reasons set forth above, we respectfully request that the Court deny Plaintiffs' motion to commence discovery.

Respectfully submitted,

/s/Seth L. Levine

Seth L. Levine

cc:     Peter Romero (via e-filing)

---

[1] Plaintiffs also improperly directed this motion to Your Honor despite the fact that all discovery in this matter was referred to Magistrate Judge Pollak.